IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| VINCENT FOXWORTH | : | NO. 14-540 |
| CYNTHIA FOXWORTH | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                           **AUGUST 2, 2017**

Presently before the Court are Defendant Vincent Foxworth's Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33(b)(2) (ECF No. 202), and Cynthia Foxworth's Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33(a) and 33(b)(2) (ECF No. 200). For the following reasons, Defendants' Motions will be denied.

**I. BACKGROUND**

Defendants Cynthia and Vincent Foxworth, husband and wife, were found guilty of conspiring with their daughter, Silver Buckman, to commit bank and wire fraud. Defendants were also found guilty of substantive counts of bank fraud and wire fraud. The conspiracy centered on a lease-buyback program where Defendants made false representations to financial institutions and to homeowners in financial distress or facing foreclosure, and obtained over three million dollars in mortgages from the financial institutions. Prior to the trial, Cynthia Foxworth and Vincent Foxworth moved to sever their case from their co-Defendants. They argued that they would be prejudiced by mutually antagonistic defenses at trial because their defense theory would be inconsistent with, and therefore could implicate, their daughter who, according to the Government's theory of the case, was the "hub" of the conspiracy. Defendants'

Motions to Sever were denied. Defendants now seek a new trial under Rule 33 of the Federal Rules of Criminal Procedure. Both Defendants contend that they were prejudiced by being jointly tried with their daughter.

A.   **Procedural History**

On September 30, 2014, a grand jury returned a 12-Count Indictment charging Defendants Silver Buckman, Vincent Foxworth, Cynthia Foxworth, Danette Thomas, Byron White, and Franklin Busi with crimes related to a conspiracy to commit bank and wire fraud. (Indictment, ECF No. 1.)[1] Specifically, Defendants were charged with: (1) conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C. § 1344; and wire fraud, in violation of 18 U.S.C. § 1343. (*Id.*)[2] The Government alleged that Defendants engaged in a scheme to defraud by making false representations to vulnerable homeowners facing foreclosure. The false representations related to Defendants' purported mortgage rescue program, under which Defendants offered homeowners the opportunity to repair their credit, or to obtain money in the form of equity, by selling their homes pursuant to a sale-leaseback arrangement. The Government also alleged that Defendants made false representations and omissions of material fact to lending institutions in furtherance of the fraudulent scheme.

On August 7, 2015, Orders were entered denying the motions to sever filed by Cynthia Foxworth and Vincent Foxworth. (ECF Nos. 113, 114.)

---

[1] In May 2015, Defendant Franklin Busi entered a negotiated guilty plea. On October 21, 2015, Busi testified as a Government witness.

[2] Count 1 charges all Defendants with conspiracy to commit bank and wire fraud. Counts 2 through 7 charge various Defendants with bank fraud, and Counts 8 through 12 charge various Defendants with wire fraud.

2

Trial commenced on October 5, 2015. After nearly four weeks of hearing evidence and testimony, the jury reached a verdict on October 29, 2015. The jury found Vincent Foxworth guilty on Counts 1, 3, 4, 6 through 9, 11, and 12. The jury found Vincent Foxworth not guilty on Count 2. The jury found Cynthia Foxworth guilty on Counts 1, 4, 9, and found her not guilty on Counts 2, 3, and 8. The jury found Silver Buckman guilty on all counts. Defendants Danette Thomas and Byron White were acquitted of all charges brought against them. (*See* Min. Entry, ECF No. 180.)

On November 12, 2015, Vincent Foxworth filed the instant Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33(b)(2). (Vincent Foxworth Mot., ECF No. 202.) The Government filed a Response in opposition on November 24, 2015. (Gov't's Vincent Foxworth Resp., EFC No. 207.) Cynthia Foxworth filed a separate Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33(a) and 33(b)(2). (Cynthia Foxworth Mot., ECF No. 200.) The Government filed a Response in opposition in November 24, 2015. (Gov't's Cynthia Foxworth Resp., ECF No. 208.) Defendant Silver Buckman also filed a Motion for a New Trial. That Motion will be addressed by a separate Memorandum and Order.

**B.      Factual Background**

During the nearly four-week trial, the jury saw over 300 exhibits and heard from over fifty witnesses. The evidence established that through Silver Buckman's company, Fresh Start Financial, numerous homeowners were enticed to enter into lease-buyback agreements with "investors," because they were assured that they would not lose title to their homes, and that their credit could be repaired. The homeowners were told they would share title of their home with the investors for a period of one year, during which time the new mortgage would be paid from escrow accounts set up during settlement. Vincent Foxworth and Cynthia Foxworth served as

3

these "investors" in the conspiracy, and were paid fees for essentially serving as straw borrowers for the lease-buyback transactions. The homeowners were told that after a year, they could repurchase their homes by refinancing the mortgage.

Vincent and Cynthia Foxworth were both found guilty of conspiracy to commit bank and wire fraud. Cynthia Foxworth was also found guilty of one substantive count of wire fraud and one substantive count of bank fraud. These counts related to the transfer of 64 Exton Lane, Willingboro, NJ, from Ronald and Mattie Wilson to Cynthia and Vincent Foxworth (Counts 4, 9). Vincent Foxworth was also found guilty of four substantive counts of wire fraud, and four substantive counts of bank fraud. The counts related to four lease-buyback transactions in which Vincent Foxworth was involved: (1) the transfer of 5219 North Sixth Street, Philadelphia, PA from Linda Chambers to Vincent and Cynthia Foxworth (Counts 3, 8); (2) the transfer of 64 Exton Lane, Willingboro, NJ, from Ronald and Mattie Wilson to Cynthia and Vincent Foxworth (Counts 4, 9); (3) the transfer of 515 Arthur Avenue, Glassboro, NJ, from Elbert Page to Vincent Foxworth (Counts 6, 11); and (4) the transfer of 8334 Michener Avenue, Philadelphia, PA, from Orin and Rainelle Barkley to Vincent Foxworth (Counts 7, 11). Cynthia Foxworth and Vincent Foxworth were both found not guilty on Count 2 of the Indictment, which charged bank fraud related to the transfer of the 12 Tiffany Court, Kunkletown, PA from John and Theresa Livia to Vincent and Cynthia Foxworth. Cynthia Foxworth was also found not guilty on the counts related to the North Sixth Street Property (Counts 3, 8).

Vincent and Cynthia Foxworth participated in nine lease-buyback transactions as part of the larger conspiracy. (Oct. 26, 2015 Trial Tr. 59-90, ECF No. 245.) Vincent Foxworth was a real estate agent. The documents associated with the Foxworth's purchase of homes under the lease-buyback arrangement contained information about, and the signatures of, Vincent and

Cynthia Foxworth. (See Gov't's Exs. 1, 10, 12, 44, 47, 48, 107, 118, 240.) These real estate documents contained misrepresentations. For example, on the loan applications that were sent to the banks, Vincent Foxworth's income was inflated. (Gov't's Ex. 88; Oct. 26 Trial Tr. 89-90.) On one loan application, Vincent Foxworth stated that his gross income was $167,000; however, his income tax return for that year reported an income of only $67,000. (Oct. 26 Trial Tr. 90-93.) The loan applications also misrepresented that the Foxworths were receiving rental income from homes that the Foxworths had purchased in prior lease-buyback arrangements. (Gov't's Exs. 40, 40A, 45, 46.) They were not receiving such rental income. Misrepresentations were also made on the HUD-1 forms that were presented at the time of settlement, such as the amount of cash that was to be provided by the buyer and the amount of cash that would go to the seller. (Gov't's Ex. 47, 127.)

The lending institutions that authorized the mortgages were not told and were not aware that they were funding lease-buyback real estate transactions. (Oct. 13, 2015 Trial Tr. 68, ECF No. 236.) The banks were not provided with the lease-buyback contracts entered into between the homeowner and the Foxworths. (*Id*. at 169.) Had the banks known that the transactions were lease-buybacks, or that the Foxworths were simply serving as straw borrowers, they would never have approved the mortgages. (Oct. 13 Trial Tr. 69; 168-69.) The Foxworths were frequently present at the real estate settlements. (Oct. 14, 2015 Trial Tr. 165, 167 (Linda Chambers), ECF No. 237; Oct. 15, 2015 Trial Tr. 227 (Ronald Wilson).) For each of the buy-back arrangements with which they were involved, the Foxworths received a fee of $10,000. (Oct. 26 Trial Tr. 42, 61-63, 65, 68-69, 78, 81-82; Gov't's Ex. 291.) The amount was drawn from the bank account of Fresh Start Financial, the company of Silver Buckman.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33 permits the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. "'A new trial should be ordered only when substantial prejudice has occurred,'" and if the interest of justice so requires. *United States v. Georgiou*, 777 F.3d 125, 143 (3d Cir. 2015) (quoting *United States v. Armocida*, 515 F.2d 29, 49 (3d Cir. 1975); Fed. R. Crim. P. 33), *cert. denied*, 136 S. Ct. 401 (2015).

Defendants bear the burden of demonstrating that the interest of justice requires the grant of a new trial. *United States v. Amirnazmi*, 648 F. Supp. 2d 718, 719 (E.D. Pa. 2009). Rule 33 Motions should be granted "sparingly and only in exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (citation and internal quotation marks omitted). Exceptional cases include those in which trial errors "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (citation omitted). The decision to grant or deny a new trial is within the sound discretion of the district court. *United States v. Vitillo*, 490 F.3d 314, 325 (3d Cir. 2007).

## III. DISCUSSION

### A. Cynthia Foxworth's Motion for New Trial

Cynthia Foxworth contends that she was not given a fair trial because: (1) the court denied her severance due to inconsistent defenses; (2) her trial counsel was "hindered from presenting a more zealous defense" due to the denial of her severance motion; and (3) "prejudicial statements and actions by another defense counsel during the trial and in closing statements to the jury." (Cynthia Foxworth Mot. 1.) Cynthia Foxworth's motion is one-page in length, does not contain an accompanying memorandum of law, and fails to raise any substantive

6

arguments to support her request for a new trial. Cynthia Foxworth has completely failed to show that a trial error occurred, let alone that she was prejudiced by the trial error. Defendant's Motion may be denied on this basis alone. However, we are satisfied that Cynthia Foxworth received a fair trial, and that the verdict should stand.

In denying Cynthia Foxworth's pretrial request for a severance, we observed that "[w]ith regard to conspiracy charges, it is 'customary to try persons charged as co-conspirators together, and severance of a co-conspirator's trial is required only for compelling reasons.'" (Cynthia Foxworth Order (quoting *United States v. Inigo*, 925 F.2d 641, 656 (3d Cir. 1991)).) Cynthia Foxworth argued that she would face inconsistent defenses by her co-defendants. (*Id.*) We determined that despite her argument, she had offered "nothing indicating what those inconsistent defenses" would be. (*Id.*) Similarly, Cynthia Foxworth offers nothing compelling here. She points to no evidence or testimony in the record demonstrating that inconsistent defenses were presented. In addition, Defendant has failed to identify one prejudicial statement or action by any one of the defense counsel in this case. She simply baldly claims that prejudice has occurred. Clearly, this is insufficient. In any event, the fact that the jury found Defendant guilty on three counts, and not guilty on three counts, demonstrates that the jury considered the evidence as it applied to each Defendant and to each charged offense, as opposed to being swayed by alleged prejudicial statements by defense counsel. Cynthia Foxworth's Motion for a New Trial will be denied.

B. **Vincent Foxworth's Motion for New Trial**

Vincent Foxworth argues that a new trial is warranted because he was prejudiced by being tried alongside his daughter, Silver Buckman. Defendant contends that the joint trial (1) hampered his ability to present a meaningful defense without implicating his daughter; and

7

(2) caused prejudice from the spillover effect of the "overwhelming" amount of evidence the Government presented against Buckman. (Vincent Foxworth Mot. ¶ 7.) Defendant does not argue that the Court erred in denying him a severance prior to trial, and concedes that at that time, he had not demonstrated a strong enough showing of a risk of prejudice. However, Defendant contends that in hindsight, after the benefit of four weeks of trial, it was unfair to be tried alongside his daughter. Defendant is simply wrong.

Defendant has failed to "pinpoint clear and substantial prejudice" from the joinder of his trial with the trial of Silver Buckman. *See United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (internal quotation marks and citations omitted). As the Third Circuit has made clear, "a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (citation omitted). The Government has consistently characterized Silver Buckman as the head or "hub" of the mortgage fraud conspiracy. Although there was significant evidence presented against Silver Buckman, there was also significant evidence presented against Vincent Foxworth. The evidence demonstrated his involvement in numerous lease-buyback transactions. For each lease-buyback transaction, documents that bore his signature such as loan applications, settlement statements and borrower certifications, contained misrepresentations that were made to banks that would not have authorized the loans had they known the transaction was pursuant to a lease-buyback contract. For serving as an "investor" in each these deals, Defendant was paid $10,000.

Moreover, there is no evidence to support Defendant's assertion that the jury was unable to compartmentalize the evidence presented against him when compared to the evidence presented against his co-Defendants. "[T]he question of prejudice hinges upon whether the jury

will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011) (citation and internal quotation marks omitted). The jury returned a mixed verdict: two defendants were acquitted on all counts; Vincent Foxworth was acquitted on one count; and Cynthia Foxworth was acquitted on three other counts. The mixed verdict reveals that the jury was able to compartmentalize the evidence as it related to each Defendant. *Lore*, 430 F.3d at 205.

Defendant also argues that the jury's verdict of not guilty with respect to Count 2 does not reveal the jury's ability to compartmentalize the role that Vincent Foxworth played in the lease-buyback scheme. He contends that because the verdict form does not distinguish between finding guilt of the substantive offense and finding guilt of aiding and abetting the substantive offense, it is impossible to know whether the jury determined that Vincent Foxworth "himself had violated the law or merely had aided and abetted his daughter in violating the statutes charged." (Vincent Foxworth Mot. ¶ 8.) Defendant's argument is unpersuasive. If the jury determined that Vincent Foxworth aided and abetted his daughter in committing bank fraud and wire fraud, he has still violated the law, and is guilty of the substantive offense. Determining whether Vincent Foxworth was guilty of aiding and abetting is irrelevant to assessing the jury's ability to compartmentalize the evidence as it related to Vincent Foxworth.

Finally, Defendant contends that the Court's instruction to the jury regarding its obligation to weigh evidence against each Defendant separately was "woefully inadequate" in preventing this prejudice. (Vincent Foxworth Mem. 3.) The Court instructed the jury as follows:

> Further, guilt or innocence of an individual is personal and individual. You must separately consider the evidence against each defendant, and you must return a separate verdict for each defendant. For each defendant on each count

9

you must decide whether the government has proven that particular defendant guilty beyond a reasonable doubt.

    Ladies and gentlemen, your decision regarding one defendant on each count, whether guilty or not guilty, should not influence your decision regarding the other defendant. Moreover, with respect to any count in which more than one defendant is charged, you must separately consider the evidence against each defendant, and return a separate verdict as to each defendant. Each defendant should be considered individually. In short, for each defendant and offense, you must decide whether the government has proven beyond a reasonable doubt that the particular defendant is guilty of a particular offense.

(Oct. 28, 2015 Trial Tr. 177-78, ECF No. 247.)

Defendant does not explain how this instruction was deficient. The Court clearly emphasized to the jury the importance of compartmentalizing the evidence as it relates to each count and as to each Defendant. Juries are presumed to follow the Court's instructions. *See United States v. Green*, 563 F. App'x 913, 917 (3d Cir. 2014) ("Because juries are presumed to follow instructions, jury instructions are persuasive evidence that refusals to sever did not prejudice the defendant[]." (citing *Lore*, 430 F.3d at 206)). We have no reason to believe that the jury did not follow the instructions here. Defendant suffered no prejudice from being tried jointly with his co-Defendants. Nor was there any prejudicial spillover of evidence. Accordingly, Defendant's Motion for New Trial will be denied.

## IV. CONCLUSION

The evidence against Vincent Foxworth and Cynthia Foxworth was overwhelming. Their post-trial motions are frivolous. For these reasons, Defendant Vincent Foxworth's Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 33(b)(2), and Cynthia Foxworth's Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33(a) and 33(b)(2) will be denied.

An appropriate Order follows.

**BY THE COURT:**


*/s/ R. Barclay Surrick*
**U.S. District Judge**