IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 14-540 |
| VINCENT FOXWORTH | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                           FEBRUARY 4, 2019

Presently before the Court is Defendant Vincent Foxworth's Motion for Release Pending Appeal (ECF No. 339). For the following reasons, the Motion will be denied.

### I. BACKGROUND

Defendant Vincent Foxworth was found guilty of conspiracy to commit bank fraud and wire fraud and substantive counts of bank and wire fraud. He was sentenced to a term of 12 months and one day imprisonment and five years' supervised release. He now seeks to remain on bail pending appeal to the Third Circuit Court of Appeals, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143. On appeal, Defendant contends that he suffered prejudice by being tried with his daughter, Silver Buckman. We considered Defendant's severance argument at length in our August 2, 2017 Memorandum denying Defendant's motion for a new trial (ECF No. 260), and our August 7, 2015 Order denying Defendant's motion to sever (ECF No. 114.) Defendant has failed to meet his burden in establishing that he is entitled to a release pending appeal.

The facts of this case are set forth in detail in the Court's Memorandum denying Defendant's motion for a new trial. *See generally, United States v. Foxworth*, No. 14-540, 2017 WL 3279058 (E.D. Pa. Aug. 2, 2017). Briefly, on October 29, 2015, a jury found Defendant guilty on nine counts charged against him: conspiracy to commit bank and wire fraud, in

violation of 18 U.S.C. § 1349 (Count 1); bank fraud, in violation of 18 U.S.C. § 1344 (Counts 3-4, 6-7); and wire fraud, in violation of 18 U.S.C. § 1343 (Counts 8-9, 11-12). (Indictment, ECF No. 1.)[1] He was found not guilty on Count 2. The conspiracy centered on a lease-buyback program where Defendants made false representations to financial institutions and to homeowners in financial distress or facing foreclosure, and obtained over three million dollars in mortgages from the financial institutions.

On January 9, 2019, Defendant was sentenced to 12 months and one day imprisonment and five years of supervised release. He was released on bail and advised to self-surrender at the Institution designated by the Bureau of Prisons on February 25, 2019. (Min Entry, ECF No. 327.)

On January 21, 2019, Defendant filed this Motion for Release Pending Appeal. (Def.'s Mot., ECF No. 339.) On January 29, 2019, the Government filed a Response in Opposition to the Motion. (Gov't's Resp., ECF No. 345.)

## II. DISCUSSION

Detention or release on bail pending appeal is governed by statute. Specifically, under 18 U.S.C. § 3143(b), a judicial officer:

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds—

---

[1] Defendant was charged with five co-defendants. Defendant Franklin Busi entered a negotiated plea with the Government prior to trial and testified as a Government witness. Defendants Danette Thomas and Byron White were acquitted of all charges brought against them. Defendant's daughter, Silver Buckman, was alleged to have orchestrated the scheme to defraud and was convicted of all 12 counts charged against her. She was sentenced to a term of 42 months imprisonment and five years' supervised release. Defendant Cynthia Foxworth, Defendant's wife, was found guilty on Counts 1, 4, 9, and not guilty on Counts 2, 3, and 8. She was sentenced to a term of one day imprisonment and five years' supervised release.

2

(A) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

In the Third Circuit, there is a presumption against bail pending appeal. *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985) ("Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." (quoting H.R. Rep. No. 91-907, at 186-87 (1970))). To overcome that presumption, the Defendant must establish:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Fattah*, 224 F. Supp. 3d 443, 446 (E.D. Pa. 2016) (quoting *Miller*, 753 F.2d at 24). Defendant has the burden of proving each of these elements. *Miller*, 753 F.2d at 24; *United States v. Hallinan*, 318 F. Supp. 3d 728, 732 (E.D. Pa. 2018).

The first element is not at issue here. We determined at Defendant's sentencing hearing that Defendant is not likely to flee, and that he does not pose a danger to the safety of others or to the community. The Government does not dispute that this first element is met. (Gov't's Resp.

5.) The second element is also not at issue.[2] There is no evidence that Defendant filed an appeal of his conviction and sentence for the purpose of delay. He raises the same issues on appeal that he raised in both his post-trial motion and his pre-trial motion seeking a severance. Our discussion will focus on the third and fourth elements of the standard.

With regard to the third and fourth elements of *Miller*, we must determine whether Defendant's appeal raises a "substantial question" which is "likely to result" in reversal or a new trial. *Miller*, 753 F.2d at 24. A question raised on appeal is "substantial" if "the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* at 23. "Fairly doubtful means 'debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Hallinan*, 318 F. Supp. 3d at 732 (quoting *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986)). A substantial question "is one of more substance than would be necessary to a finding that it was not frivolous." *Smith*, 793 F.2d at 89 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Finally, as to whether the substantial question is likely to result in reversal or a new trial, we must find that "the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Miller*, 753 F.2d at 23.

As to the substantial question element, Defendant contends that his appeal is based on the argument that he suffered prejudice at trial as a result of him not be severed from the trial of his daughter, Silver Buckman. Defendant has previously raised this argument on two separate

---

[2] Although the Government disputes that Defendant has established this element, it has not provided any explanation other than to simply state that Defendant "is clearly seeking a delay of the time for him to serve his sentence." (Gov't's Resp. 5.)

occasions: in his pre-trial motion to sever (ECF No. 79), and his post-trial motion for a new trial (ECF No. 202). Both times the Court analyzed Defendant's request for a severance, and both times the Court rejected his argument. In his pretrial motion to sever, Defendant argued that a joint trial would result in prejudice because it would result in antagonistic defenses. (Court's Aug, 7, 2015 Order, ECF No. 114.) We concluded that there was not a threat of antagonistic defenses, and that Defendant presented nothing to demonstrate the possibility of prejudice. (*Id.*) In his post-trial motion requesting a new trial, Defendant argued that the joint trial hampered his ability to present a meaningful defense without implicating his daughter, and that he was prejudiced by the overwhelming amount of evidence presented against his daughter. *Foxworth*, 2017 WL 3279058, at *4.

In our Memorandum denying Defendant's post-trial motion, we concluded that Defendant "failed to 'pinpoint clear and substantial prejudice from the joinder of his trial with [his daughter].'" *Id.* (quoting *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010)). We emphasized, as we did when we denied his pretrial motion for severance, that in accordance with Third Circuit precedent, "a defendant is not entitled to a severance merely because evidence against co-defendants is more damaging than the evidence against the moving party." *Id.* (quoting *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005)); (*see also* Court's Aug, 7, 2015 Order.). We concluded that the jury was able to compartmentalize the evidence presented against Defendant when compared to the evidence presented against his daughter. *Id.* (citing *United States v. Walker*, 657 F.3d 160, 170 (3d Cir. 2011)).

The issues raised by Defendant are not novel and they are not fairly doubtful. Defendants were convicted of engaging in a conspiracy. The Third Circuit's preference for joint trials is particularly strong when Defendant's are charged in a single conspiracy. *See United States v.*

5

*Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996) ("[J]oint trials of defendants charged under a single conspiracy aid the finder of fact in determining the full extent of the conspiracy."); *United States v. Ingio*, 925 F.2d 641, 656 (3d Cir. 1991) (stating that it is "customary to try persons charged as co-conspirators together, and severance of a co-conspirator's trial is required only for compelling reasons"); *United States v. Ward*, 793 F.2d 551, 556 (3d Cir. 1986) ("Participants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another.").[3]

Defendant received a fair trial. There are no exceptional circumstances here. As we stated in our Memorandum denying his motion for a new trial, "[t]he evidence against Vincent Foxworth . . . was overwhelming," and his motion was "frivolous." *Id.* at 5. Defendant has not met his burden of establishing that his appeal raises a "substantial question" which is "likely to result" in reversal or a new trial. Accordingly, his request to remain on bail pending the outcome of his appeal must be denied.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion for Release Pending Appeal will be denied. An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.

---

[3] Motions to sever are also disfavored in complex cases like this one. *United States v. Ciancaglini*, 945 F. Supp. 813, 818 (E.D. Pa. 1996). On November 14, 2014, the case was declared complex pursuant to 18 U.S.C. § 3161. (ECF No. 53.) The trial included five defendants, lasted nearly four weeks, and involved over 50 witnesses and 300 exhibits.